[Crim. No. 1394. First Appellate District, Division Two.—December 7, 1927.]

THE PEOPLE, Respondent, v. FRANK COSTELLO, Appellant.

Milton T. U'Ren and H. Edward Manning for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant Costello was tried jointly with Avelino and Raleigh before a jury upon an information charging them with robbery. The jury returned separate verdicts finding each of the defendants guilty of robbery in the first degree, the crime having been committed while each of the defendants was armed with a deadly weapon. From the judgments following these verdicts and from the orders denying each of the defendants a new trial they have appealed separately, but by stipulation the three appeals have been presented upon a single typewritten record.

At about 10 o'clock P. M. of June 19, 1926, the three defendants entered the laundry of Yee Lung, located at

No. 9 Langton Street, San Francisco, upon the pretense that one of them had left clothes with the complaining witness to be laundered. As the witness opened the door the defendant Costello pointed a revolver at him and he and one of the other defendants took the witness upstairs, made a search of the premises, and took from a trunk belonging to the witness the sum of $432. They then bound the witness and the three defendants left the premises. On the night of June 25, 1926, a number of police officers entered a rooming-house conducted by the mother of defendant Raleigh in search of parties suspected of having been guilty of an attempt to commit murder in the county of San Mateo. The officers there encountered the three defendants, one of whom endeavored to make his escape through a window while the other two concealed themselves under a bed. The three defendants were handcuffed and questioned by the officers for a period running from about midnight of the night of the arrest until 5 o'clock of the following morning. During the course of the examination one of the officers discovered a lunch basket containing five revolvers, which were shown to the defendants after they had stated that no arms were concealed in the house. About this time the defendant Costello expressed his willingness to make a full confession of the crimes in which he had participated. He was taken into another room and made a full confession to the officers implicating himself and the other two defendants in a series of robberies committed within a period of about ten days immediately preceding. Costello was then taken back to the other defendants, who were told of the confession made by Costello and each admitted the truth of the statements made by him. Each defendant was then asked to point out the revolver which he had used in the several robberies detailed in this confession and each did so while a newspaper photographer took pictures of them in the act. The defendants were then taken to the Hall of Justice where they were assembled at about 8 o'clock A. M. of June 26th in the office of the police commissioners in the presence of some fifteen or twenty police officers and newspaper men. Costello was then asked if he desired to make a confession and stated that he would do so if it was satisfactory to his co-defendants. They both nodded their assent and Costello proceeded to give in detail a description

of all robberies in which he had participated during a period of some ten days prior to his arrest. This confession was taken down in shorthand by a reporter, read back to Costello, who thereupon signed the shorthand notes. The same proceeding was had with each of the other defendants and all three in the presence of this group of officers and newspaper men stated that their confessions were made voluntarily and without any duress or promise of reward. The shorthand reporter thereafter transcribed his notes and these shorthand notes, together with the typewritten transcriptions, were all offered and received in evidence during the course of the trial.

On this appeal the appellants have raised four grounds which we will consider in the order presented. ▉ It is argued that the trial court erred in admitting the confessions of these defendants on the ground that they were not freely and voluntarily given. In support of the argument the testimony of the three appellants and of other roomers in the house where they were arrested is cited to show that before the confessions were given the appellants were handcuffed and kept upon the floor for several hours; that they were beaten and abused by some of the officers and threatened with further punishment if confessions were not made. All this testimony was denied by creditable witnesses and it was of course the function of the trial court to determine the conflict. It stands out unmistakably from the record that the witnesses for the defense were carefully coached to present a picture of cruelty and maltreatment on the part of the officers, but that their stories were so conflicting and improbable that the trial court could not have justly found otherwise than that the confessions were freely and voluntarily given. When the appellants were brought into the presence of the officers on the following morning for the purpose of taking their confessions down in shorthand there was no pretense that they were threatened or abused or induced to confess their crimes by any promise on the part of the officers. But outside of the question of the conflict between these witnesses as to what occurred preceding the confessions, the outstanding fact is that each of these appellants gave detailed accounts of the various crimes in which they had participated over a period of some ten days or two weeks immediately prior to their

arrest and in so doing brought to the attention of the arresting officers for the first time the details and circumstances of these various crimes. It is also significant that, though each of the appellants was taken into custody on suspicion of having participated in an attempt to commit murder in another county and that while each was being questioned as to his participation in that crime, each detailed to the arresting officers his participation in these robberies committed in San Francisco for none of which any one of the appellants had theretofore been suspected.

It is argued that the evidence is insufficient to sustain the convictions of Avelino and Raleigh because the complaining witness failed to positively identify them and because their confessions did not admit the commission of the crime charged and were not true. It is true that Avelino and Raleigh were not identified by the complaining witness, but it was shown that the three appellants had been working together over a considerable period of time in the commission of similar robberies; that the three had teamed together and used the same automobile and the pistols which were found in the house at the time of their arrest; that they were gathered at this house at the time of their arrest preparing to commit another robbery that night, and that the automobile which had been used in their previous crimes was standing in front of the door, the driver ready to take them to the seat of the crime planned for that night.

It is argued that the confessions do not link either of these two appellants with the particular crime for which they were on trial, because they referred merely to a Chinese laundry on Langton Street without giving the street number or the date of the robbery. This is true in so far as it relates to the confessions given in the office of the police commission, but it is not true in reference to the confessions given at the Gough Street house at the time of the appellants' arrest. In the examination of one of the officers relative to the confession made by Costello, he was asked: "What did he say about the robbery at No. 9 Langton street in this city and county?" The witness answered: "He said he participated in that robbery." This witness then gave in detail the statement of Costello covering all the circumstances of the robbery of this laundry and of his co-defendants' participation in the crime. This was then

all repeated to Avelino and Raleigh, who stated at the time that the facts were true as given by Costello. It is apparent that throughout the making of these confessions the parties had in mind the particular robbery committed at No. 9 Langton Street upon the complaining witness in this trial, and that it was for this reason that they did not in each instance designate the time, place, parties present, and amount of money taken. The case is like *People* v. *Dutro,* 75 Cal. App. 138, 142 [242 Pac. 84], where a confession which was indefinite in similar respects was held properly admitted.

The argument is also made that these confessions in so far as they relate to Avelino and Raleigh cannot be treated as confessions because they were untrue. The argument is that inasmuch as the complaining witness stated he was alone in the laundry at the time of the robbery and that $432 was taken from him, whereas one of the appellants stated that two other Chinamen were present at the time of the robbery and that all stated that they took but $200, we must assume that the appellants were not telling the truth and that their statements cannot therefore be treated as confessions of the crime charged. The number of Chinamen present at the time of the robbery and the amount of money taken had no bearing upon the crime for which the appellants were all tried and a variance in either of these particulars had no effect upon the use of the admissions made by the appellants. It is significant that Costello alone stated that three Chinamen were present at the time of the crime and that each of the three differed as to the exact amount of money received, a circumstance which may have occurred through mistake or misinformation.

It is argued that the trial court erred in admitting the shorthand notes and the typewritten transcriptions of these notes. Before these documents were admitted the reporter who made the notes and transcribed them into typewriting was called to the stand and testified that the notes were true and correct notes of what was said by the appellants and that each signed the same as they had been interpreted and re-read to him. The same witness also testified that the typewritten documents were true transcriptions of these notes. The reporter's notes were properly admitted in evidence as written confessions of the accused and could

have been read by the jury or translated to them by the reporter if the members of the jury were unable to read them. The same situation would arise if the confessions had been written in a foreign language and signed by the accused and then translated into English. The original writings with the signature of the accused would be admissible in evidence as the written confessions of the accused. (16 Cor. Jur., sec. 1508.)

When these confessions were before the jury the prosecution was entitled to have them interpreted into language which the jury could understand and this might have been done either by having the reporter read his notes into the record or by filing in evidence a transcription of these notes for the convenience of the jury. When the reporter was on the stand he might have been asked to then translate his notes or to read the typewritten transcription, the state having shown that this transcription was a true translation of the original notes, but because of the objection of the appellants, and in order to avoid placing before the jury the details and circumstances of the various other crimes committed by these appellants, the district attorney read from this typewritten translation the facts and circumstances which related to this particular crime alone for which the appellants were all tried. By this process the district attorney, in reading from the typewritten translation, eliminated those portions of the confessions which did not pertain to the offense charged in the information, whereas, if the reporter had been called on to translate his notes it would have been difficult to avoid giving a complete translation covering all these other crimes. The reporter's notes, which were the best evidence of the confessions, being properly in evidence, the appellants were not prejudiced by the admission of the typewritten translations, unless it be because these contained the details of the other crimes. These, however, could have been eliminated if the appellants had made their objection upon that ground.

Upon the whole case we are satisfied from an examination of the entire record that all the appellants were fairly tried and convicted upon evidence which unmistakably demonstrates their guilt of the crime charged in the information.

Judgment and order affirmed as to appellant Frank Costello.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1928.

All the Justices concurred.