[Crim. No. 1446. First Appellate District, Division Two.—August 29, 1928.]

THE PEOPLE, Respondent, v. GUS C. MADSEN et al., Appellants.

712

Nathan C. Coghlan and A. L. O'Grady for Appellants.

U. S. Webb, Attorney-General, and Waldemar Augustine, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendants were tried together on an indictment charging them, jointly with others, of the crime of murder. These two defendants were found guilty of manslaughter and have both appealed from the judgment following the verdict and from the order denying their motions for a new trial. The appeal is presented on a typewritten record.

The assault which resulted in the death of one Campbell occurred on October 21, 1926, at a place in Eureka Street, between twenty-second and twenty-third Streets, in the city and county of San Francisco. The deceased and his associate, Coyle, who were "American Plan" carpenters, were attacked while at work some time between 1:30 and 2 o'clock P. M. by a gang of men claimed to have been in the service of the carpenters' unions which were then on strike. The two appellants were admittedly union carpenters. The stories of the eye-witnesses differed as to the number of men engaged in the *mêlée* and the manner in which the assault was actually committed, but it seems to be agreed that these men drove to the place in two automobiles, and, in groups of two, attacked their victims with heavy clubs, or similar weapons, and then ran to their automobiles and were driven out of sight. The appellants were arrested a few days later and both made complete confessions of their participation in the crime when interrogated by police officers, and also when appearing before the grand jury.

On this appeal they argue that the state failed to identify them as participants in the crime. The testimony of the eye-witnesses was not convincing due, no doubt, to the suddenness with which the assault was committed and the number of men involved, and due also to the reluctance of these witnesses to testify. The *"corpus delicti"* having been shown by competent testimony, the confessions of the appellants supplied the gap in the evidence as to their identification. It is not necessary that the identification of a defendant be made positively by any number of witnesses. This issue is one for the jury to determine upon all the evidence in the case (8 Cor. Jur., p. 169). The record discloses that the jury made no mistake here.

The second point argued seems to be that there was some testimony tending to prove the alibi of appellant Madsen. Testimony was offered to show that Madsen called upon a physician at about 2:30 P. M. of the day of the assault and was treated for a scalp wound, which the physician testified was more than an hour old; that two witnesses testified that Madsen was injured earlier in the day in a scuffle at union headquarters, and that when, after his arrest, Madsen confessed that he was injured in the assault on Eureka Street and went to the physician for treatment thereafter, he could not have been telling the truth, but must have been some place else at the time of the assault. No attempt was made to show that either of the appellants was at any other place at the time of the assault, but, from the testimony recited, it is argued that the jury should have sustained the alibi defense. It is sufficient to say that this was a question of fact which the jury had to determine.

Appellants insist that their confessions should not have been received in evidence because they were obtained through force and violence on the part of the police officers. It would serve no purpose to cite the evidence on this issue. It is widely conflicting—all charges of the appellants being categorically denied by the police officers. In such a case the question whether the confessions were freely and voluntarily given was one for the trial court to determine. In passing upon this question the trial court is vested with a wide discretion and its ruling will not be disturbed unless an abuse is shown. (*People* v. *Perry,* 195 Cal. 623,

636 [234 Pac. 890].) This was the fourth trial these appellants had had on this indictment and the ruling of the trial judge admitting the confessions was made only after a thorough and painstaking inquiry had been made of the circumstances under which the confessions were given. There was no error in the ruling.

After these confessions were given to the police officers, the appellants voluntarily appeared before the grand jury and gave detailed accounts of their participation in the crime. In some respects these accounts differed from the story given by some of the eye-witnesses and they were also at variance with appellants' alibi witnesses in that Madsen stated that he received at that time the wound on the head for which he was treated by the physician later in the day. From this appellants argue that the confessions were untrue and hence must be held involuntary. No authority is cited for the proposition. This court has held to the contrary. (*People* v. *Costello*, 87 Cal. App. 313 [262 Pac. 75].)

Criticism is made of the refusal of the trial judge to give an instruction proposed by appellants relative to the abandonment of the criminal design by one of two parties setting out on a joint design to commit a criminal act. The instruction had no part in the case. There was no evidence of abandonment by either appellant. The only testimony approaching the subject was the confession of Madsen in which he stated that after he had received the blow on the head he retreated to the automobile. Flight from the scene of a crime and abandonment of the criminal design before a crime is committed are not the same, and evidence of the former does not call for an instruction covering the latter.

Appellants proposed an instruction advising the jury that if they found from the evidence, "or if they have a reasonable doubt upon the matter" that deception or fraud was used in procuring the confessions they were to take those facts into consideration in ascertaining whether the confessions were freely and voluntarily given. There was no evidence tending to prove either deception or fraud. But in any event the proposed instruction did not state the law because neither deception nor fraud excludes a confession unless they have been employed to procure an un-

true statement. (*People* v. *Castello,* 194 Cal. 595, 602 [229 Pac. 855]; *People* v. *Connelly,* 195 Cal. 584, 597 [234 Pac. 374].) Here the trial judge fully instructed the jury on the question of the admissibility of the confessions and appellants were not injured by the refusal to give the one proposed.

The appellants tendered an instruction covering their alibi defense without using that term. The trial judge substituted his own instruction defining ''alibi'' and advising that: ''It is sufficient to justify an acquittal if the evidence on that point (alibi), considered with all the other evidence, raises a reasonable doubt,'' etc. Appellants complain that the court should not have used the odious term ''alibi'' and that it should have limited the jury's consideration to the evidence on that point alone. The word ''alibi'' is in common use and we can see no harm in talking to the jurymen in language they can understand. As to the latter point, the jury must, of course, take into consideration all the evidence and not that offered in support of the alibi defense alone. This is true of issues generally. They are to be determined, not upon the testimony offered upon them alone, but upon all the evidence, and the inferences, relevant and pertinent to such issues.

Appellants' briefs contain many proposed instructions refused by the trial judge and which they now state should have been given. No authorities are cited in support of their contentions, and no effort is made to disclose what instructions were actually given by the trial judge in lieu of those refused. We have, however, examined the record with care and are satisfied that the issues were all submitted to the jury through instructions which were clear, impartial, and comprehensive, and which were free from error.

The judgment and order are affirmed.

Sturtevant, J., and Buck, P. J., *pro tem.,* concurred.