[Crim. No. 2510. Second Appellate District, Division One.—April 3, 1934.]

THE PEOPLE, Respondent, v. HARLAN BRATTEN, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was convicted of the crime of grand theft and appeals from the verdict of the jury finding defendant guilty of grand theft. ■ As an appeal

from a verdict is unauthorized by law, this appeal is therefore dismissed. He also appeals from the judgment of the court and from the order of the court denying probation. ■ As the order denying probation was made prior to the judgment, it is not appealable under section 1237 of the Penal Code (*People* v. *Neel*, 133 Cal. App. 332 [24 Pac. (2d) 230]), and that appeal is therefore dismissed.

■ The appeal from the judgment of conviction is apparently based upon an alleged insufficiency of the evidence to support the verdict. The transcript of the evidence discloses a very plain and complete case against the defendant.

Appellant in his brief admits as follows: "Miss Koenig had full confidence in defendant; they were engaged to be married before he knew she had any money; notice of intention to marry had already been given before the money was turned over to him. She trusted him, and believed that he would buy the truck; she gave the money to him voluntarily. He is not guilty of grand theft, but obtaining money under false pretenses." This would avail defendant nothing, because *People* v. *Myers*, 206 Cal. 480, 483 [275 Pac. 219], holds that the offense of obtaining money under false pretenses is included in the crime of grand theft.

The evidence contains ample proof that the defendant, after inducing the prosecuting witness to give him possession of the money, by falsely representing that he was preparing to use and intending to use said money for the stated purpose, fraudulently converted the money to his own use and did not spend any of it in the purchase of a truck which he had agreed to purchase with the money before the prosecuting witness turned it over to him. The evidence does not disclose that he made any effort to purchase the truck at any time, but that he promptly left town, using part of the money to pay his traveling expenses.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.