[Crim. No. 2737.   Second Appellate District, Division One.—October 15, 1935.]

THE PEOPLE, Respondent, v. EMMETT BEESON et al., Defendants; CLIFFORD HIPP, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

SHINN, J., *pro tem.*—This is an appeal by defendant Clifford Hipp, also known as Donald Wright, from judgments of conviction after jury trial, of robbing Wayne Nickell of the sum of $48 on or about December 29, 1934, and of robbing Everett Teal of the sum of $28.01 on or about January 2, 1935.   He was charged jointly with Emmett Beeson and Walter Young with the commission of said offenses, and with

a third offense of robbing Don Healey of the sum of $15, upon which third charge he was acquitted. He appeals from the judgments, and presents two grounds for reversal thereof, namely, insufficiency of the evidence, and error in the admission of a confession, which he contends was procured by duress on the part of police officers.

█ Wayne Nickell was robbed at about 3:30 A. M., while working in a restaurant, by two boys, one of whom carried a gun and was identified as the defendant Young. The prosecuting witness, Nickell, testified that the other boy, claimed by the People to be defendant Hipp, had a hat pulled down over his face during the robbery, which prevented a clear view of his features. His identification of this defendant, if it stood alone, would raise a serious question as to its sufficiency to connect the defendant with this robbery. However, it was supported by the admission of the defendant Hipp, to be discussed later.

The witness Everett Teal, testifying to the facts charged in the second count of the information, related a robbery by two boys about 5:00 A. M. on January 5, 1935, in a restaurant where Teal was employed. He identified Walter Young as one of the robbers and appellant Hipp as the other. He testified that Hipp took the money from the cash register while Young pointed a gun at him, and that he also handed Hipp some more money, making $28.01 in all, of which he was robbed. He identified both defendants from photographs shown him by the police and again when he saw them in jail, although they were differently dressed; and he testified that he had had a good look at them during the robbery.

Appellant was arrested on the morning of January 10, 1935, while in bed in a rooming house in Los Angeles. █ In the afternoon of that day he signed a statement confessing the crimes with which he was charged. When objection was made to the statement, a *voir dire* examination was conducted by defendant's counsel, from which it appeared that the statement was made voluntarily, and after a full hearing the statement was admitted. The ruling was one within the broad discretion of the trial judge. It may not be disturbed on appeal where no abuse of discretion is shown, and none is shown here. (*People* v. *Madsen,* 93 Cal. App. 711 [270 Pac. 237]; *People* v. *Dye,* 119 Cal. App. 262 [6 Pac. (2d) 313].) Defendant testified that he made the statement only after

being deprived of food while in the jail, and after being beaten by the officers, this testimony being contradicted by that of the jailer and others. The issue was presented to and decided by the jury under proper instructions. In a signed confession defendants Young and Beeson admitted the robberies, including those with which they were charged and in which they implicated Hipp, as well as one in which they did not implicate him. Hipp was given an opportunity to read the statement, and was asked to mark with a cross and with his initials the robberies in which he did not participate. He crossed off one in which he had not been implicated, and signed his name to the statement. Of the crimes thus admitted, he was convicted of two and acquitted of the third.

The confession, taken with the identifications of appellant by the witnesses who were robbed, is sufficient to support the verdicts of guilty. The court did not commit error in admitting the confession, and the case, in other respects as well, was fully and fairly tried.

The judgments are affirmed.

Houser, P. J., and York, J., concurred.