[Crim. No. 2825. Second Appellate District, Division One.—March 10, 1936.]

THE PEOPLE, Respondent, v. ELLWYN DUNLAP, Appellant.

334.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

HAAS, J., *pro tem.*—Defendant was charged by information with the crime of robbery, a felony. Entering a plea of not guilty, he was duly tried and convicted on the count of robbery of the first degree and sentenced to state prison. He now appeals from an order denying his motion for a new trial, and from the judgment, "the verdict and sentence".

In the course of the trial, the trial court heard evidence by the deputy sheriff J. W. Hurst, in words and figures as follows:

"I said, 'Which one held the gun in the robbery down in Los Angeles, you or the other fellow? He (referring to the defendant) said, 'Jones held it.'" Appellant asserts that whether or not the words "Jones held it" constituted a confession that was of a voluntary or involuntary character should have been decided by the court at a hearing held out of the presence of the jury until the court rendered its decision, and that "no admonition was given at any time that the same (alleged confession) could or would be used against him". And that "none of the alleged confessions in any way tended to connect defendant with the crime, and were not admissible at all".

The transcript of the evidence discloses no objection to have been made by counsel for defendant at the time this conversation was given in evidence, nor was any motion made to strike it. The transcript further discloses that the officer admitted several times that the appellant had consistently denied guilt. In order that the testimony may be considered as relating a confession there must be an admission of guilt. "A confession is the voluntary declaration made by

a person who has committed a crime or misdemeanor to another acknowledging his agency or participation in the same." (16 Cor. Jur., p. 714, sec. 1464.) The evidence nowhere discloses an acknowledgment of guilt; on the contrary, refutes such a premise. The words "Jones held it" not constituting a confession, the court cannot be held to have erred, even had an objection been raised to admitting and hearing such evidence in the presence of the jury. The court had read the testimony of the officer given in the preliminary hearing, and the transcript discloses nothing to show that the statements to the officers were involuntary. An admonition by the officer that statements made by the defendant might be held against him was uncalled for. Whether the statement testified to have been made by defendant—namely, "Jones held it,"—connects defendant with the crime charged, is a question for the jury, taken into consideration in connection with all other evidence adduced.

Was it error to submit to the jury the verdict: "We, the Jury in the above entitled action, find the charge against the Defendant Guilty of being armed at the time of his commission of the offense as contained in the Information true"? Appellant offers no reason other than that it called the "gun" to the attention of the jury, to which, of course, their attention had already been called by the evidence. He offers no legal reason in urging that this was error. His repeated words "This is very grave error" constitute a mere conclusion and assist us not at all. There is nothing in the record to disclose to us that the jury was prejudiced by the court's calling for a verdict on the question as to whether the defendant was guilty of being armed. Prejudice must be shown. (*People* v. *Broyles,* 113 Cal. App. 390 [298 Pac. 131].) Sections 211 and 211a of the Penal Code merely define "robbery in the first degree". They neither call for nor prohibit the giving of such a verdict.

Again appellant urges that the evidence is insufficient to convict defendant; that there was nothing found upon defendant to connect him with the crime of any kind. We know of no rule that requires something to be found upon a defendant to identify him with the crime. The defendant himself was identified beyond a reasonable doubt. "Q. Which one of them pulled a revolver? A. The young man in court. Q. The defendant? A. Yes, sir." These an-

swers are direct and unequivocal. From this stand the witness Nyberg never receded.

It is ordered that the judgment and the order, by which defendant's motion for a new trial was denied, be, and they are, affirmed. Since no appeal lies from either "the verdict" or "the sentence", the attempted appeal therefrom is dismissed.

Houser, P. J., and Doran, J., concurred.