[Crim. No. 2852. Second Appellate District, Division One.—May 8, 1936.]

THE PEOPLE, Respondent, v. JAMES RAY et al., Defendants; PAUL PARKER, Appellant.

C. B. Conlin for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J.—The appellant and his two codefendants were charged with the crime of burglary. Defendant Parker appeals from the sentence and judgment, and order denying his motion for a new trial.

As proof of the offense alleged in the information, the evidence reveals that a dress shop in Los Angeles was burglarized and about one hundred dresses and a fur coat were stolen. Entrance was gained by forcing open a window in the rear of the store. The burglary was committed between midnight and 1:50 A. M. of December 3d. On the afternoon of December 4th, appellant, together with his codefendants, were arrested in San Francisco. For twenty minutes preceding the arrest, police officers had been watching a sedan in which appellant was seated in the driver's seat. Appellant's codefendants, who had in their possession sixteen of the stolen dresses and a fur wrap, the product of the burglary, then appeared and were entering the sedan when the three were arrested. Appellant stated to the officers that he had left Los Angeles at 11 P. M. on December 2d, with his two codefendants, and had arrived in San Francisco at 9 A. M. the following morning. He disclaimed any knowledge of the dresses. It appears from the evidence, however, that appellant, before his arrest, went into a clothing store in San Francisco and obtained an empty carton in which, he

stated to the salesman in the store, he wanted to pack a few things. The salesman afterward identified the carton as the one he had given appellant, and in this carton were contained the stolen clothes in the possession of appellant and his codefendants at the time they were arrested.

Evidence was also introduced of the attempted sale of other dresses by appellant's codefendants in San Francisco, to one Sloan, in connection with which Sloan met appellant and his codefendants, and in connection with which transaction two or three additional cartons of the stolen dresses were recovered.

Incidentally, a pinch bar which was found in the sedan used by appellant and his codefendants, conformed to the depressions in the wood frame of the window through which entrance was gained in the dress shop, and which, as has been stated, had been pried open.

 The evidence also showed that appellant and his codefendants left Los Angeles about the time of the burglary and drove to San Francisco together; further, that appellant registered at a hotel in that city under an assumed name. Certain declarations were in evidence, as an explanation by the defendants of the possession thereof, that the dresses had been obtained from a man known as "The Whiz", but this mysterious character makes no other appearance in the record. It should be noted, too, that appellant had the privilege of testifying in his own behalf, but, for reasons undisclosed by the record, except inferentially, he did not avail himself of the privilege.

It is urged by appellant that the verdict is contrary to the evidence, in that there was no evidence connecting the appellant with the burglary. Misconduct of the district attorney, failure of the trial court to properly admonish the jury, failure to give certain instructions, refusal to grant the motion to dismiss, introduction of certain evidence, and in particular, the receipt in evidence of certain exhibits, were also urged as prejudicial error. An examination of the entire record, however, reveals these objections to be without merit.

 Since no appeal lies from the sentence, the attempted appeal in that regard is dismissed.

Judgment and order denying motion for a new trial are affirmed.

Houser, P. J., and York, J., concurred.