[Crim. No. 3987. Second Dist., Div. Two. Apr. 1, 1946.]

THE PEOPLE, Respondent, v. ANTONIO D'ELIA, Appellant.

Bodle, Pestana & Esterman and Wm. J. Clark for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was charged with the crime of assault by means of force likely to produce great bodily injury on the person of one Irwin Kurvink. A jury was waived and appellant was tried by the court. He was found guilty as charged, proceedings were suspended, and the court placed him on probation for three years.

1. *The appeals.* As recited in his notice, appellant appeals from (a) the "court's judgment of conviction"; (b) the order denying his motion for a new trial; and (c) "the order of the court sentencing the defendant." The appeals (a) and (c) must be dismissed. ■ There was no judgment of conviction. The court found appellant guilty as charged, which is the equivalent of a verdict of a jury. An appeal from a verdict is unauthorized. (*People* v. *Brock,* 21 Cal.App.2d 601, 604 [70 P.2d 210]; *People* v. *Bratten,* 137 Cal.App. 658 [31 P.2d 210].) ■ Appellant was not sentenced and the attempted appeal is from an order that was not made. If it had been made it would not be appealable. (*People* v. *Ray,* 13 Cal. App.2d 701, 703 [57 P.2d 975]; *People* v. *Dunlap,* 12 Cal. App.2d 333, 336 [55 P.2d 522].) ■ If by the appeal from the order sentencing him appellant intended to appeal from the order placing him on probation, the appeal is likewise ineffective. An order granting probation is not a judgment (*In re Marquez,* 3 Cal.2d 625, 627 [45 P.2d 342]; *People* v. *Guerrero,* 22 Cal.2d 183, 184 [137 P.2d 21]; *People* v. *Neel,* 133 Cal.App. 332 [24 P.2d 230]) and no appeal lies therefrom. (*People* v. *Brock, supra.*)

2. *Sufficiency of the evidence to sustain the conviction.* ■ Kurvink, the victim of the assault, was employed in a motion picture studio where a strike was in progress. He and another employee, Cochran, were taken to Kurvink's home in a studio car. Kurvink, accompanied by his wife and his nephew, started in his car to take Cochran to his home. After driving a short distance they were pursued by a coupe and

twice turned into side streets to avoid being forced against the curb. Several cars joined in the pursuit. After Kurvink made his second turn a Packard car, driven by appellant, crowded Kurvink's car to the curb compelling him to stop. Kurvink and appellant alighted from their respective cars and the latter knocked Kurvink down three times, kicked him and struck him on the head with an unidentified instrument. Cochran ran from the scene and he was assaulted by other men.

Kurvink and his wife positively identified appellant as the person who committed the assault, and identified a ring worn by him which scarred Kurvink's face. A resident near the scene of the assault obtained the license number of the car, which was found to be and which appellant admitted was the number of his Packard. After the assault scratches were found on the left front fender on Kurvink's car and corresponding scratches on the right front fender of the Packard.

Appellant denied having taken any part in the assault and attempted to prove an alibi. The time of the attack was fixed at approximately 7:30 o'clock in the evening. Appellant testified that he was in a picket line at a studio from 3 o'clock until 8 o'clock in the evening, at which time his wife called for him and took him to a bowling alley. She corroborated him in the latter statement. Another witness, testifying on behalf of appellant, placed the latter at a captains' meeting at 7:30 o'clock, but appellant denied that he attended the meeting. There were other contradictions and discrepancies in the evidence of both appellant and Kurvink.

■ It was the exclusive province of the court, a jury having been waived, to judge the facts and to determine all of the points discussed by appellant: (1) Any conflicts, uncertainties, or inconsistencies, real or apparent, in the evidence (*People* v. *Spencer*, 58 Cal.App. 197, 224 [208 P. 380] ; *People* v. *Farrington*, 213 Cal. 459, 463 [2 P.2d 814]) ; (2) the identification of appellant in his relation to the crime charged against him (*People* v. *Connelly*, 195 Cal. 584, 593 [234 P. 374] ; *People* v. *Hightower*, 40 Cal.App.2d 102, 106 [104 P.2d 378] ; *People* v. *Madsen*, 93 Cal.App. 711, 714 [270 P. 237] ; *People* v. *Farrington, supra*) ; (3) the weight of the evidence relating to the alibi. (*People* v. *Freer*, 104 Cal.App. 39, 44 [285 P. 386] ; *People* v. *Madsen, supra*.) ■ There is ample evidence to sustain the conviction and the court's finding will not be disturbed.

3. *The motion for a new trial.* ■ We have already disposed of appellant's claim that the evidence is insufficient to sustain the conviction. An additional ground of his motion for a new trial was that new evidence material to his defense had been discovered after the trial which he could not with reasonable diligence have discovered and produced at the trial. In one of the affidavits it is asserted that Kurvink, the prosecuting witness, had registered with the sheriff of Los Angeles County as having been previously convicted of a felony elsewhere than in California. Such registration, if it existed, was a matter of record and was available to appellant and his counsel before the trial and no reason or excuse is offered for their failure to produce the evidence at the trial. The mere fact that they did not have actual knowledge of a matter that was of public record is not a valid excuse. The registration, if offered, would have tended to impeach Kurvink's testimony, but inasmuch as appellant was positively identified by Mrs. Kurvink as the assailant and the Packard car which crowded Kurvink to the curb admittedly belonged to appellant and was identified by the license number obtained by another witness, the impeachment of Kurvink would not necessarily have changed the opinion of the court as to appellant's guilt. The judge's remarks on this subject in denying the motion for a new trial indicated that the conviction, if it had been proved, would not have affected the result of the trial.

■ Affidavits of two persons stating facts in support of appellant's alibi were only cumulative and there is no showing that the evidence of the witnesses could not, with reasonable diligence, have been produced at the trial.

■ The fact that Kurvink was a "strikebreaker," as stated in one of the affidavits, was not a defense to the unprovoked and premeditated assault. It was his undoubted right and privilege to work wherever he could obtain employment in order to provide a livelihood for himself and his family, without being subjected to violence on the part of appellant who apparently wished to deny that right by the use of force. Kurvink's employment in the studio could have been considered as and no doubt was the reason for the attack upon him by appellant, who was a union picket. The trial judge commented that the element of Kurvink's being a strikebreaker would have added strength to the prosecution's case.

4. *The order placing appellant on probation.* Appellant complains that one of the conditions of his probation, to wit, that he should have financial ability to pay any judgment rendered against him in a civil action for damages, was void. The question is disposed of by the fact that an appeal from an order of probation is not available. Furthermore, we see no reason why a defendant should not be required, as a condition of probation, to answer financially for damages suffered by the victim of his assault.

The purported appeals from a nonexistent judgment of conviction and from an alleged order sentencing appellant, which was never made, are dismissed. The order denying appellant's motion for a new trial is affirmed.

Moore, P. J., and McComb, J., concurred.