[Crim. No. 4167.   Second Dist., Div. Two.   Dec. 17, 1947.]

THE PEOPLE, Respondent, v. FLOYD V. FOX, Appellant.

C. C. Dillavou for Appellant.

Fred N. Howser, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before the court without a jury defendant was found guilty of assault with force likely to produce great bodily injury. A motion for a new trial was made and denied, whereupon further proceedings were suspended and defendant was placed on probation. ■ His purported appeal from the judgment which was not entered is abortive and must be dismissed. (*People* v. *D'Elia,* 73 Cal.App.2d 764, 766 [167 P.2d 253].) He has appealed from the order denying his motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent) (*People* v. *Pianezzi,* 42 Cal.App.2d 265 [108 P.2d 732]), the essential facts are these:

On the night of July 13, 1943, a police officer of the city of Los Angeles, who had received an injured foot and was off duty and in civilian clothes, was telephoning from a telephone booth located on a lot at the northeast corner of Pico Boulevard and Vermont Avenue in the city of Los Angeles. While he was telephoning, the officer observed a man entering an adjacent telephone booth. Shortly thereafter, the officer heard the sound of water and felt his right pants leg getting wet. He then observed that the man in the adjacent booth was urinating. The officer stepped out of his booth and went to the door of the adjacent one and asked the man "what the devil he was doing." The man replied in substance "what the hell is it to you?" The officer then asked the man if he was drunk and the man swore and struck at him. A struggle ensued during which the officer's revolver fell out of his pocket and while he was retrieving it, the man left. The officer then returned to his telephone conversation.

A few minutes later, the man returned with defendant and after trying to force open the door of the telephone booth where the police officer was, they kicked in the glass door which was reinforced by wire, whereupon the police officer called the police station asking for a radio car. In the meantime, a woman came up to the two men and told them that

they had better get out of there. The three then returned to their automobile parked approximately 25 feet distant. The police officer went over to them and informed them that he was a police officer and that they were under arrest. A woman in the car said, "Let's get out of here." The police officer grabbed the man who had been in the booth and tried to hold him, then defendant began to strike the officer. The two men succeeded in slipping away from the officer and got into the automobile, defendant sitting in the driver's seat. In the meantime, the officer threw up the hood of the car and attempted to disconnect the ignition. As he stepped in front of the automobile, the starter began turning the engine over and the officer stepped onto the front bumper of the car.

The car was accelerated forward at a high speed. The brakes were then put on and the car skidded. The officer's foot slipped off the bumper and he received a 4-inch cut on his arm which struck the unfinished edge of the inside of the hood. As the car stopped, the officer scrambled back on the bumper and as the engine started again to speed up, he jerked out the distributor wires and the engine died. He then slid off the bumper and watched defendant as he tried to start the automobile. Missing his watch and gun, he observed that they had been thrown out of his pocket and onto the parking lot. Defendant started his car and drove away from the scene. As the automobile pulled away, the officer obtained the license number which identified the car as belonging to defendant.

Defendant went to Oklahoma on the following day and did not return to Los Angeles until March of 1944, where he remained until August of the same year. Then he again returned to Oklahoma and did not return to Los Angeles until January, 1947. In March of 1947, he was arrested and thereafter tried on an information filed by the district attorney of Los Angeles county.

Defendant urges that his motion for a new trial should have been granted *because the evidence is insufficient to sustain the trial court's implied finding that defendant was driving the car at the time the police officer was injured.*

This proposition is untenable. The police officer, Mr. Offutt, gave direct testimony as to each of the facts set forth above. In addition, defendant at the time of his arrest gave a signed statement in which he stated that he was the driver of his automobile on the night in question and that no one else drove it.

Clearly, such evidence is substantial and sufficient to sustain the trial court's finding of each and every fact set forth above and that defendant was guilty of assault with force likely to produce great bodily injury. Conflicting testimony of other witnesses must, of course, be disregarded by us.

For the foregoing reasons, the purported appeal from the judgment is dismissed and the order denying the motion for a new trial is affirmed.

Moore, P. J., and Wilson, J., concurred.