[Crim. No. 4545. Second Dist., Div. Three. Feb. 7, 1951.]

THE PEOPLE, Respondent, v. EDWARD M. THOMPSON, Appellant.

Al Matthews, Doris R. Baker, Harold J. Ackerman and Robert P. Dockeray for Appellant.

Fred N. Howser, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant, Edward M. Thompson, appeals from judgment of conviction of violation of section 288, Penal Code.

Defendant was charged, in two counts, of violations of section 288 of the Penal Code, upon the persons of two sisters, female children aged 7 years [twins]. He pleaded guilty to count I and count II was subsequently ordered off calendar. At approximately the same time the plea of guilty was entered, he filed his affidavit of sexual psychopathy under the provision of section 5501 of the Welfare and Institutions Code. He was thereafter adjudged a sexual psychopath and a menace to the health and safety of others and committed to the State Hospital at Patton for an indeterminate period. Defendant was returned to the trial court, pursuant to a minute order of March 27, 1950, and judgment and sentence to state prison were pronounced on June 15, 1950, when his application for probation was denied.

This appeal involves the construction of sections 5517 and 5518, Welfare and Institutions Code, which have apparently not been before an appellate court prior to this time. Section 5517, as amended in 1949, reads as follows: "Whenever a person who is committed for an indeterminate period to the department for placement in a state hospital as a sexual psychopath (a) has recovered from his sexual psychopathy to such an extent that in the opinion of the superintendent the person is no longer a menace to the health and safety of others, or (b) has been treated to such an extent that in the opinion of the superintendent the person will not benefit by further care

and treatment in the hospital and is not a menace to the health and safety of others, or (c) has not recovered from his sexual psychopathy, and in the opinion of the superintendent the person is still a menace to the health and safety of others, the superintendent of the hospital and the Director of Mental Hygiene shall certify to the committing court their opinion under (a), (b) or (c), as the case may be, including therein a report, diagnosis and recommendation concerning the person's future care, supervision or treatment. If the opinion so certified is under (a) or (b), the person shall be returned to the court to await the further action of the court with reference to the criminal charge against him. The court shall resume the proceedings, upon the return of the person to the court, and after considering all the evidence before it may place the person on probation for a period of not less than five years if the criminal charge permits such probation and the person is otherwise eligible for probation.''

Section 5518, Welfare and Institutions Code, reads, in part, as follows: ''If the opinion so certified is under subdivision (c) of Section 5517, the committing court shall forthwith order the return of the person to await further action with reference to the criminal charge against him, and shall cause the person to be returned to the court in which the case originated. Such court shall resume the proceedings and after considering all the evidence before it, if satisfied that the person has not recovered from his sexual psychopathy and is still a menace to the health and safety of others, the court shall make an order recommitting the person for an indeterminate period to the Department of Mental Hygiene for placement in a state institution or institutional unit for the care and treatment of such sexual psychopaths designated by the court. At such hearing, the person shall be entitled to present witnesses in his own behalf, to be represented by counsel and to cross-examine any witnesses who testify against him. . . . The court shall cause the person so recommitted to be delivered to the state institution or the institutional unit so designated. The person shall remain therein or in any other such institution or institutional unit to which he may be transferred by the Director of Mental Hygiene until the person is no longer a menace to the health and safety of others. Thereupon the proceedings set forth in Section 5517 shall be followed with respect to the certifying of an opinion to the committing court and the release of the person thereby.''

On March 16, 1950, Dr. Gericke, Superintendent of Patton

State Hospital, wrote to Judge Fricke as follows: "On December 21, 1949, Edward M. Thompson #3, case No. 49425, was admitted to Patton State Hospital as a sexual psychopath. He had been arrested for violation of Section 288 of the Penal Code for molesting minor children. We find that he is on parole from Walla Walla, Washington, and we have a letter from the Board of Prison Terms and Paroles in Seattle, signed by Lou Kessler, Chief State Parole Officer, informing us that they will accept subject if he is delivered to the King County Jail, Seattle, Washington. Inasmuch as this subject has not completed his sentence in Walla Walla and will not benefit by further care and treatment at Patton State Hospital except for the fact that he is isolated from Society, would there be any way in which we could make it possible to deport him to the State of Washington? Would you advise our returning him to the court with the information that he will not benefit by further care and treatment in order that the court might take further action in the case?"

On March 21, 1950, Judge Fricke wrote to Dr. Gericke, as follows: "Replying to your letter of the 16th regarding Edward M. Thompson, Section 5317 [sic] of the Sexual Psychopath Law provides that in a case such as this the defendant 'shall be returned to the court' and he should therefore be returned here for further proceedings."

On March 22, 1950, the following letter, signed by Dr. Gericke, Superintendent of Patton State Hospital, and by Dr. F. F. Williams, Director of Clinical Services, was written to Judge Fricke: "We are in receipt of your letter concerning Edward M. Thompson #3, case number 49425, and it is our opinion this man will not benefit by further hospital treatment. He was sent here as a sexual psychopath, and we would appreciate it if arrangements would be made to have him returned to the custody of the court."

Defendant contends: (1) That the provisions of sections 5517 and 5518 are mandatory and jurisdictional and that he was not properly returned to the trial court in that the exchange of letters previously set forth does not constitute the certificate provided for in section 5517; (2) that he should have been recommitted to a state institution as provided for in section 5518.

If defendant was returned to the trial court under subdivision (a) or (b) of section 5517, it was proper for the trial court to pronounce judgment and sentence defendant to San Quentin. If, however, defendant was returned to the

trial court under subdivision (c) of the section, then the procedure provided for in the statute has not been complied with.

■ Defendant is correct when he states that the letters do not contain a ''report, diagnosis and recommendation concerning . . . [his] . . . future care, supervision or treatment.'' He is also correct when he states that neither of the letters was signed by the Director of Mental Hygiene as provided for in the statute.

It appears from the letters that defendant had been treated and would not benefit from further treatment. It does not appear whether he had, or had not recovered from his sexual psychopathy, and more important, it does not appear whether he is or is not still a menace to the health and safety of others. Section 5518 provides that anyone returned to the trial court under subdivision (c) of section 5517 (not recovered from sexual psychopathy and still a menace to society) shall be delivered to a state institution until the ''person is no longer a menace to the health and safety of others.'' When that time occurs, then the proceedings provided for in section 5517 shall be followed. ■ It would seem, therefore, that the prime consideration is whether or not the person adjudged a sexual psychopath is, or is not, a menace to society. The letter of March 16, 1950, written by Dr. Gericke to Judge Fricke contains the information that the defendant will not benefit by further treatment at Patton except for the fact that he is isolated from society. It appears to us that the logical inference which should be drawn from that statement is that the defendant was still a menace to the health and safety of others.

■ We are of the opinion that the provisions of section 5517 should be strictly complied with. If a defendant who has been adjudged a sexual psychopath is recommitted in accordance with the provisions hereinbefore set forth, the trial court will have before it one of three findings: (a) The defendant has recovered and is no longer a menace to society; or (b) he will not benefit from further treatment and is no longer a menace; or (c) he is still a sexual psychopath, and a menace to society. If the prisoner falls into the third category, he is entitled to a further hearing at which he may be represented by counsel, produce witnesses in his own behalf and is entitled to cross-examine witnesses produced against him. ■ If the procedure provided for is complied with, the trial court will also have before it a report made by the

superintendent of the appropriate state hospital and the Director of Mental Hygiene containing a diagnosis and recommendation concerning the person's future care, supervision and treatment. It is clearly the intent of the Legislature that the court is required to have such a report as evidence before final action is taken. ■ It is contended by the People that defendant waived his right to object to irregularities in the proceedings by failing to register a specific objection and by applying for probation. We do not believe there was a waiver. Defendant's counsel argued to the court that defendant be recommitted to a state hospital, citing section 5518. We think this was sufficient to enable him to present the point on appeal.

The judgment is reversed for further proceedings in accordance with the views herein expressed.

Wood (Parker), J., and Vallée, J., concurred.