[Crim. No. 4679. Second Dist., Div. One. Jan. 31, 1952.]

THE PEOPLE, Respondent, v. GEORGE WALKER MASON, Appellant.

Al Matthews and Robert P. Dockeray for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was charged by information with the crime of issuing a check without sufficient funds, and with two prior felony convictions. The information was filed July 20, 1950. After defendant was arraigned there were a number of continuances. The court's minutes recite that one of these continuances was granted for the purpose of instituting civil intemperance proceedings against defendant; and that thereafter there was filed a certified copy of a judgment and order of another department of the superior court, committing defendant to the Department of Mental Hygiene; whereupon this cause was ordered off calendar. That order was made August 18, 1950.

Defendant was sent to Patton State Hospital, pursuant to the inebriacy commitment. Then in a few weeks he was released from the hospital and placed under supervision of the Bureau of Social Work in Los Angeles. While so at large he was apprehended and returned to the superior court for further proceedings under the information.

On November 30, 1950, he appeared, with his counsel, and time to plead to the information was set for December 6, 1950. At the time set he pleaded guilty, admitted the prior convictions, and applied for probation. After hearing, his application for probation was denied, and he was sentenced to the state prison for the term prescribed by law. This sentence was made to run concurrently with the sentence from which he was then on parole.

After the judgment, defendant's counsel moved the court for an order reconsidering defendant's application for probation; also for an order placing defendant in the custody of the Department of Mental Hygiene, rather than the Director of Corrections.

Defendant appeals from the orders denying both motions. He states, ''The question therefore is this: Did Department 41 have jurisdiction to consider the original charge and sentence appellant under that charge while the order of commitment made by Department 54 was unrevoked and in full force and effect?''

The first ground of appeal may be summarily disposed of. As there can be no appeal from an order denying probation (*People* v. *Bartley,* 12 Cal.App. 773 [108 P. 868]; *People* v. *Felix,* 58 Cal.App.2d 646 [137 P.2d 472]; *People* v. *D'Elia,* 73 Cal.App.2d 764 [167 P.2d 253]; *People* v. *Woods,* 108 Cal.App.2d 50 [238 P.2d 124]) neither can there be an appeal from an order denying a motion to reconsider such an order. (*People* v. *Erickson,* 74 Cal.App.2d 339 [168 P.2d 417].)

Defendant argues that his motion to change custody from the Director of Corrections to the Department of Mental Hygiene was proper under section 1493 of the Penal Code. This section has to do with proceedings involving the writ of habeas corpus, and is not applicable to this case. (*In re Wilson,* 196 Cal. 515 [238 P. 359].)

In any event, there is nothing in the law of California which forbids pronouncement of judgment in a criminal case just because a defendant has theretofore been adjudged an intemperate person. The court had jurisdiction to proceed with this case, and to pronounce judgment. It is pertinent here to add that were the law otherwise all that would be required for a defendant to avoid the consequences of his wrongdoing would be to have an adjudication that he was an intemperate person, made at any time between his arraignment and the pronouncement of judgment in his case.

In *People* v. *Sanchez,* 21 Cal.2d 466 [132 P.2d 810], relied on by defendant, our Supreme Court held that the superior court could not vacate a prior order of commitment made by the juvenile court. That case is distinguishable from the present case. There is no analogy in a conflict as to jurisdiction between a civil and a criminal case in the superior court, and a conflict as to jurisdiction between the juvenile court and the superior court. In certain cases exclusive

jurisdiction is given by our law to the juvenile court if the facts come within the provisions of the juvenile court law conferring such jurisdiction.

Nor does *People* v. *Thompson,* 102 Cal.App.2d 183 [227 P.2d 272], cited by defendant, apply under the facts in this case. The Thompson case holds that when there is an issue in a criminal case as to whether a defendant is or is not a sexual psychopath, section 5517 of the Welfare and Institutions Code must be strictly complied with. There is nothing in that case which holds that when a defendant is committed to a state hospital as a sexual psychopath the superior court loses jurisdiction over him.

The orders are affirmed.

White, P. J., and Doran, J., concurred.