FOURT, J.
This is an appeal from a judgment of conviction (upon a plea of guilty) of issuing checks without sufficient funds and an appeal from a judgment of conviction of forgery.
On about October 27, 1964, defendant with counsel pleaded guilty to a complaint charging a violation of section 476a, Penal Code (superior court case numbered 295,971). Proceedings were suspended, defendant was placed on probation for five years, a part of the terms being that he make restitution, obey the laws and not possess or write any checks and not have a bank account upon which he could draw checks. For good reason probation was revoked on March 17, 1966. On August 25, 1966, defendant was sentenced to the state prison, the term to run concurrently with the sentence in superior court case numbered 303,276.
In an information filed in Los Angeles on April 20, 1965, (case numbered 303,276) defendant was charged in count I with forgery in that he did on January 28, 1965, forge a cheek for $332.67 with intent to defraud John Fairchild, Associated Manufacturing Company, Inc., Altadena Federal Savings & Loan, and Union Bank, Pasadena branch. In count II defendant was charged with forgery in that he did on February 1, 1965, forge a cheek in the sum of $982.52 with intent to defraud the institutions above named in count I. It was further charged that defendant previously had been convicted of a felony, namely, of writing cheeks without sufficient funds. Defendant denied the charged prior conviction and pleaded not guilty to counts I and II of the information. Defendant was found guilty as charged in counts I and II and the charge of the prior convictions was found to be true. Defendant was sentenced to the state prison on counts I and *719 II, the term to ran concurrently with the sentence imposed in case No. 295,971. Defendant has appealed from both judgments.
A résumé of some of the facts is as follows: Defendant’s wife had spent some time in a California women’s penal institution and there she met Patricia Springer whom she later introduced to her husband. In December 1964 Patricia Springer was released from prison on parole (while Mrs. Scott was still serving her sentence) and she immediately contacted appellant to obtain some personal belongings which he was keeping for her. Scott, who was then self-employed in the trucking business, thereafter began to see Patricia Springer regularly and soon became intimate with her. She moved into his apartment and he rented a car for her.
During this period Scott persuaded Patricia Springer, who previously had served time in prison for grand theft, to seek employment in the accounting or bookkeeping department of some office where she might obtain access to checks or money. In mid-January 1965, Patricia Springer found employment with an agency that supplied temporary office help and was assigned to work in the accounting department of the Associated Manufacturing Company. There she made unauthorized use of payroll and general obligation checks by printing several with the eheckwriter in various amounts payable to “ T. S. Scott. ’ ’ When she gave these checks to defendant they were without maker’s signature, and she testified that the forged signatures of two company officers were drawn in by another acquaintance, Mike Ross. Associated Manufacturing Company owed no money to T. S. Scott. Defendant, however, indorsed at least two such cheeks in the amounts of $332.67 and $982.52, respectively, cashed them, and opened an account at a savings and loan institution with the proceeds. Within a few weeks Scott closed his account by withdrawing the entire balance.
When the checks were returned by the bank to Associated Manufacturing Company, Patricia Springer removed them and either gave them to Scott, or otherwise disposed of them. Ultimately, the bank noticed a discrepancy on a check forged with the signatures of Associated Manufacturing Company officers and alerted the company. Apparently it thereafter held the checks for the company officers. The two checks constituting the counts upon which Scott was convicted were presented in evidence and identified by the company officers and Patricia Springer.
*720 Scot.t. testified in Ms own defense that he had loaned Patricia Springer money which she later had repaid with checks drawn on Associated Manufacturing Company. Further that the checks were signed by the makers when he received them and that she had told him that they were given to her by friends to repay his loans to her. There were three checks wMch he had cashed. Further, that he had used the money to pay his attorney and to open a bank account. He testified also that the total amount of the checks and the money received from her exceeded his loan to her and that he had returned the balance to her in cash. He also stated that he had left Patricia Springer when his wife returned from prison, and that Patricia Springer had become angry and had threatened to get even with him. When Patricia Springer was first arrested, she refused to implicate Scott; however, she later changed her story and testified that Scott had instigated the crimes.
Appellant now contends that he was convicted upon the uncorroborated testimony of Patricia Springer, an accomplice to the crime. Such is not the ease. There was independent corroborative evidence adequate to sustain Scott’s conviction by intimately connecting him with the crime. (People v. Luker, 63 Cal.2d 464, 469 [47 Cal.Rptr. 209, 407 P.2d 9]; People v. Lyons, 50 Cal.2d 245, 257 [324 P.2d 556]; People v. Lewis, 222 Cal.App.2d 136, 144 [35 Cal.Rptr. 1].) Scott endorsed the checks and negotiated them in the presence of John Quinn of Altadena Federal Savings and Loan Association, who identified Scott, the checks and their amounts, and the savings account transactions. The checks at that time bore the unauthorized, forged signatures of two officers of Associated Manufacturing Company; each officer testified that he had not authorized the preparation or signatures upon the checks. Appellant concedes that he received checks totalling $1,600 payable to him and drawn upon an unknown company by makers identified only as “friends” from Patricia Springer, who had just been released from prison. Neither the company nor the officers owed him any money; Patricia Springer owed him only $700 and by his own testimony he negotiated the cheeks and returned the excess proceeds to her in cash. According to the authorities hereinbefore cited, this evidence sufficiently corroborated Patricia Springer’s testimony.
Appellant further contends that his conviction cannot stand because his accomplice’s testimony was impeached. *721 The weight to be accorded to impeached testimony lies within the judgment of the trier of fact. (People v. Johnson, 21 Cal.App.2d 673, 674 [70 P.2d 198].) We have determined that Patricia Springer’s testimony was sufficiently corroborated to render it competent, admissible evidence. The decision of the trier of fact will not be disturbed unless upon no hypothesis whatever there is sufficient substantial evidence to support the conclusion on appeal. (People v. Tostado, 217 Cal.App.2d 713, 718 [32 Cal.Rptr. 178]; People v. Villegas, 213 Cal.App.2d 63, 66 [28 Cal.Rptr. 546].) The court, which was required to weigh the evidence and determine the credibility of witnesses, was entitled to believe the accomplice’s testimony. This evidence demonstrates that Scott set in motion all forces contributing to the crime by persuading Patricia Springer to obtain a position where she had access to checks and thereafter to make unauthorized use of such checks. Appellant knew when he received and negotiated the checks that he was not entitled to the money, and it may be presumed that he knew that the makers’ signatures were forgeries. He, nonetheless, exercised dominion and control over the funds thereby represented for his own benefit The evidence was sufficient to establish his guilt.
Reference is made either by appellant or by respondent to the judgment in case numbered 295,971; presumably, appellant makes no contention with reference to the judgment in that case. In any event, the record seems clear that appellant pleaded guilty to the charge and was properly sentenced.
Scott’s attempted appeal from the order denying probation is dismissed; such orders are generally nonappealable. (People v. Mason, 109 Cal.App.2d 87, 89 [240 P.2d 64]; People v. Ross, 206 Cal.App.2d 542, 543 [24 Cal.Rptr. 1].)
The judgment in superior court case numbered 295,971 is affirmed.
The judgment in superior court ease numbered 303,276 is affirmed.
Wood, P. J., and Lillie, J., concurred.