[Crim. No. 5399.  In Bank.  ·Feb. 10, 1953.]

THE PEOPLE, Respondent, v. AZEL WOODROW
HOWERTON, Appellant.

218

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant Azel Howerton was charged by information with the commission of a lewd and lascivious act on a child under the age of 14. (Pen. Code, § 288.) He pleaded not guilty and waived trial by jury. By stipulation, the People submitted their case on the transcript of testimony taken at the preliminary examination. Defendant testified in his own behalf. On January 10, 1952, the court adjudged defendant guilty of the crime charged in the information. On February 6, 1952, with defendant and his attorney present, the court denied defendant's application for probation and pronounced judgment and sentenced him to prison for the term prescribed by law.\* In the same proceeding, the court found defendant to be a sexual psychopath, and suspended execution of sentence pending outcome of sexual psychopath proceedings. Defendant was committed to Norwalk State Hospital for observation. Defendant did not appeal from the judgment of February 6th.

On April 9, 1952, defendant was returned to the superior court for further proceedings. The hospital superintendent reported that in his opinion defendant was a sexual psychopath and a menace to the health and safety of others, and would not benefit from treatment. The court ordered that

---

\*''Whereas the said defendant having been duly found guilty in this Court of the crime of violation of Section 288, Penal Code of California, a felony, as charged in Count 2 of the Information,

''It is therefore ordered, adjudged and decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law.

''It is also ordered that execution of sentence be suspended.

''It is further ordered that the defendant be remanded to the custody of the Sheriff of the County of Los Angeles.

''Done in open Court this 6th day of February, 1952.''

the sentence imposed on February 6th be placed in effect and that defendant be delivered into the custody of the Director of Corrections. Defendant appeals from the "judgment" of April 9th, contending that the evidence adduced at the trial was insufficient to sustain his conviction. The People have filed a motion to dismiss the appeal, on the ground that the order of April 9th is a nonappealable order. We have concluded that this contention must be sustained and that the appeal must be dismissed.

In criminal cases an appeal must be taken within 10 days of rendition of the judgment or order appealed from. (Rules on Appeal, rule 31.) A timely appeal was not taken from the judgment of February 6th. The present appeal may be maintained only if the order of April 9th is an appealable order. Section 1237 of the Penal Code provides:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction . . . ;

"2. From an order denying a motion for a new trial;

"3. From any order made after judgment, affecting the substantial rights of the party."

Subsection two is inapplicable in this case since defendant did not make a motion for a new trial.

Defendant first contends that his appeal may be maintained under subsection one, on the ground that a final disposition of the case was not made until the trial court committed him to prison. It is settled that a judgment is appealable although execution thereof is suspended after judgment is pronounced. (*People* v. *Neal*, 108 Cal.App.2d 491, 493 [239 P.2d 38]; *People* v. *Casillas*, 60 Cal.App.2d 785, 787 [141 P.2d 768]; *People* v. *Dawes*, 37 Cal.App.2d 44, 46 [98 P.2d 787]; see, also, *In re Davis*, 37 Cal.2d 872, 875 [236 P.2d 579].) Defendant contends, however, that an appeal could not have been taken from the judgment of February 6th, on the ground that allowance of an appeal would have deprived the superior court of jurisdiction over the sexual psychopath proceedings pending action by the appellate court. The proceedings under section 5512 of the Welfare and Institutions Code are of a civil nature. (*People* v. *McCracken*, 39 Cal.2d 336, 345-346 [246 P.2d 913]; *In re Keddy*, 105 Cal.App.2d 215, 217 [233 P.2d 159]; see *Sane Laws for Sexual Psychopaths*, 1 Stan.L.Rev. 486, 492.) Sexual psychopath proceedings need not be heard before the same judge who heard the criminal charge. (Welf. & Inst. Code, § 5501.) The guilt of defendant is finally determined when the

judgment of conviction is pronounced in the criminal proceeding, and nothing done in the sexual psychopath proceeding could modify or nullify that determination. Thus, in the present case the sexual psychopath proceedings under section 5512 necessarily held in abeyance execution of the judgment during the period that defendant was under observation at the state hospital, but the validity of the judgment remained unaffected. (*People* v. *Hector,* 104 Cal.App.2d 392, 394-395 [231 P.2d 916] ; *cf. People* v. *Mason,* 109 Cal.App.2d 87, 90 [240 P.2d 64].) ██ Pendency of an appeal from the judgment would not have divested the superior court of jurisdiction over the sexual psychopath proceedings. (*In re Keddy, supra*; *In re Morehead,* 107 Cal.App.2d 346, 350 [237 P.2d 335].) ██ The order of commitment on April 9th had no more legal effect than would an order of commitment in an ordinary case where judgment had been pronounced and execution of sentence suspended. (*Cf. In re Ralph,* 27 Cal.2d 866, 869 [168 P.2d 1].)

██ Defendant contends finally that the order of April 9th was appealable under subsection three of section 1237. Defendant does not contend, however, that there was any error in the proceedings under section 5512 that led to the commitment order. (*Cf. People* v. *Neal, supra,* 108 Cal.App. 2d 491, 495; *People* v. *Thompson,* 102 Cal.App.2d 183, 188 [227 P.2d 272].) He contends only that the evidence was insufficient to sustain his conviction of violation of section 288 of the Penal Code. "Substantial rights" under subsection three of section 1237 are not affected when defendant's objections concern matters that could have been reviewed on timely appeal from the judgment. (*People* v. *Smith,* 218 Cal. 484, 487 [24 P.2d 166] ; see, also, *People* v. *Stein,* 31 Cal.2d 630, 632 [191 P.2d 409].)

The appeal is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J. concurred.