[Crim. No. 4909.   Second Dist., Div. Two.   Mar. 26, 1953.]

THE PEOPLE, Respondent, v. OTTIE MEANS, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

## CHRONOLOGY

McCOMB, J.—i. April 24, 1952, defendant, after trial by jury, was found guilty of violating section 288 of the Penal Code. Defendant's request to have leave to file an application for probation was granted and the hearing on said application and time for pronouncing judgment was set for May 21, 1952.

ii. May 21, 1952, judgment and sentence were pronounced upon defendant directing that he be incarcerated in the state prison for the term prescribed by law. The court found defendant to be a sexual psychopath, suspended execution of the sentence and ordered him to be sent to the State Hospital at Norwalk for observation and diagnosis pursuant to section 5512 of the Welfare and Institutions Code. *No action was taken at this time or at any subsequent period upon defendant's application for probation.*

iii. July 24, 1952, the superintendent of the Norwalk State Hospital having reported that defendant was not a sexual psychopath, the court ordered defendant's return for further proceedings.

iv. August 6, 1952, the trial judge made an order that the judgment and sentence imposed on May 21, 1952, was in full force and effect and ordered defendant into the custody of the sheriff of Los Angeles County by him to be delivered to the Director of Institutions at the California State Prison at Chino.

From this order defendant appeals.

Defendant urges as grounds for reversal that (1) the evidence is insufficient to support the judgment of conviction, (2) the trial court erred in refusing to permit certain expert testimony, (3) the court erred in limiting the impeachment of the complaining witness, and (4) the trial judge erred in rulings with reference to certain character evidence.

None of these questions may be considered by this court for the reason that defendant did not appeal from the judgment pronounced May 21, 1952.

█ Since in criminal cases an appeal must be taken within 10 days of rendition of a judgment (Rules on Appeal, rule 31, 36 Cal.2d 26), the judgment in the present case became final. █ Thus since there is no appeal from the judgment pending before this court we are precluded from considering the various grounds upon which defendant urges its reversal. (*Cf. People* v. *Howerton,* 40 Cal.2d 217, 219 [1], 220 [7] et seq. [253 P.2d 8]; *People* v. *Neal,* 108 Cal.App.2d 491, 493 [1] et seq. [239 P.2d 38].)

There remains for determination, however, this question: *Was the order of August 6, 1952, appealable and prejudicially erroneous?*

This question must be answered in the affirmative. █ Where a judgment has been pronounced and become final a subsequent order of commitment substantially affects the rights of a defendant whose application for probation has not been ruled upon, and is therefore appealable under section 1237, subsection 3, as an order made after judgment affecting the substantial rights of a party. (*People* v. *Neal, supra,* 495 [3] [4].)

█ In the instant case it was mandatory upon the trial judge to rule upon defendant's application for probation and his failure to do so deprived defendant of a substantial right entitling him to a reversal of the order of August 6, 1952. (See *People* v. *Neal, supra,* 495 [3] et seq.)

█ Section 4½, article VI of the Constitution of the State of California is not here applicable for the reason that an examination of the record discloses that the prosecuting witness, a child of 8 years of age, gave contradictory testimony pertaining to matters of vital importance at the trial, and many portions of her testimony were improbable, if not actually incredible, and the trial judge might justifiably have granted probation had he ruled on defendant's application therefor, since it had been determined defendant was not a sexual psychopath. (*Cf. People* v. *Headlee,* 18 Cal.2d 266, 267 [115 P.2d 427].)

The order of August 6, 1952, is vacated and the cause remanded to the superior court with instructions that the court consider and determine defendant's application for probation.

Moore, P. J., and Fox, J., concurred.