[Crim. No. 3762.   First Dist., Div. Two.   Mar. 15, 1961.]

THE PEOPLE, Respondent, v. LEROY F. WALTERS,
Appellant.

Lange & Rockwell for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Daniel A. Sharp, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Appellant, Leroy F. Walters, was charged by information with a violation of section 288 of the Penal Code. By permission of the court, appellant withdrew a former plea of not guilty and entered a plea of guilty. Upon his arraignment for judgment, appellant interposed a motion for probation. The court ordered him certified for examination as an alleged sexual psychopath pursuant to section 5501, subdivision (c), of the Welfare and Institutions Code.

At the psychiatric hearing on March 20, 1958, the doctors' reports were made a part of the record and the appellant was adjudged a sexual psychopath and committed to the Atascadero State Hospital, pursuant to section 5512 of the Welfare and Institutions Code. A further psychiatric hearing was held on May 27, 1958, and appellant was committed to the state hospital until further order of the court. At the final hearing on the appellant's motion for probation on October 21, 1959, the court denied probation and sentenced the appellant to the state prison. This appeal is from the order denying probation and the judgment which followed.

Since the appellant pleaded guilty to the charge for which he was sentenced, his guilt is not in question on this appeal. It is his contention that the trial court erroneously concluded that he was ineligible for probation and, therefore, refused to consider his motion on its merits.

A denial of probation will not be set aside by an appellate court unless it is shown (1) that the trial court erroneously determines that it lacks jurisdiction (*Schaefer* v. *Superior Court,* 113 Cal.App.2d 428, 437 [248 P.2d 450]), or (2) that the court failed to follow the statutory requirements pertaining to probation (*People* v. *Wade,* 53 Cal.2d 322 [348 P.2d 116]), or (3) that there is clear and convincing

proof of abuse of discretion by the trial court (*People* v. *Cooper,* 123 Cal.App.2d 353, 357 [266 P.2d 566]). ▮▮▮ While probation is not a matter of right but an act of grace or clemency, the grant or denial of which is within the court's discretion (*In re Osslo,* 51 Cal.2d 371 [334 P.2d 1]; *In re Trombley,* 31 Cal.2d 801 [193 P.2d 734]), where an individual is eligible for probation, the trial court must determine the matter on its merits (*People* v. *Neal,* 108 Cal.App.2d 491, 494 [239 P.2d 38]; *People* v. *Means,* 117 Cal.App.2d 29, 31 [254 P.2d 585]). Failure to do so constitutes a denial of a substantial right (*People* v. *Raner,* 86 Cal.App.2d 107 [194 P.2d 37]).

Appellant here contends that the court abused its discretion, and erroneously concluded that his prior conviction was a felony for purposes of the applicable portion of section 1203 of the Penal Code which provides: "Probation shall not be granted to . . . any defendant . . . convicted of . . . [a] violation of Section . . . 288 . . . of this code . . . *unless the court shall be satisfied that he has never been previously convicted of a felony in this State* . . ." [Emphasis supplied.] The appellant, in the instant case, in 1937, was convicted of a violation of section 288; judgment was pronounced and the sentence suspended. Appellant was granted two years' probation with the condition that he serve 90 days in the county jail. After successfully completing his period of probation, the verdict of guilty was vacated and set aside, a plea of not guilty entered, and the information dismissed, pursuant to section 1203.4 of the Penal Code. That section sets forth the procedure for expunging the record after a successfully completed term of probation, but contains the following proviso:

". . . that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. [Added by Stats. 1935, p. 1709; Am. Stats. 1941, ch. 1112, § 1; Stats. 1951, ch. 183, § 1.]"

At the time of appellant's 1937 conviction, the relevant portion of section 288 of the Penal Code read as follows: "Any person who . . . shall be guilty of a felony and shall be imprisoned in the State prison not less than one year."*

---

*The 1937 amendment, Stats. 1937, ch. 545, effective Aug. 27, 1937, changed the section to its present form as follows: ". . . shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life."

The question presented by this appeal is whether the appellant's 1937 conviction for a violation of section 288, which was punished by two months in the county jail and which pursuant to section 1203.4 of the Penal Code has been set aside, the information dismissed, and the appellant released from all penalties and disabilities, is nevertheless a prior felony within the meaning and purview of that portion of section 1203 which prohibits the granting of probation to anyone guilty of a violation of section 288, who has previously been convicted of a felony.

The matter is one of first impression. As section 288 provided that a violation constitutes a felony punishable by imprisonment in the state prison, the answer appears simple. However, section 17 of the Penal Code provides:

"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison . . ."

Under this section, it has long been held that the characterization given to a penalized act by the Legislature is immaterial, as the sole test is the nature and extent of the punishment imposed (*In re Miller,* 218 Cal. 698 [24 P.2d 766]).

In *People* v. *Williams,* 27 Cal.2d 220 [163 P.2d 692], in a prosecution for burglary, the court held it was not error to admit in evidence, after defendant's testimony on cross-examination that he had never pleaded guilty to a felony, a record of his previous commitment to a reform school following a plea of guilty to a burglary charge, since such plea is equivalent to proof of his conviction of a felony, and his commitment to the reform school was not a judgment imposing a punishment other than imprisonment in the state prison so that under the authority of Penal Code, section 17, it should thereafter be deemed a mere misdemeanor.

We conclude, therefore, that section 17 of the Penal Code is not applicable and that section 1203.4 of the Penal Code applies. Here, the crime of section 288, Penal Code, is only punishable by imprisonment in the state prison. It is not also punishable by fine or imprisonment in a county jail as provided in section 17, Penal Code. The defendant in the

previous 288 conviction received a county jail sentence only as a condition of probation.

It is our view that the previously quoted language of section 1203.4, Penal Code, means exactly what it says and, therefore, the prior conviction could be pleaded, proved and considered by the court in this case as if probation had not been granted in the previous conviction. This view makes sense because the very purpose of 1203.4, Penal Code, was to make sure the trial court's hands should not be tied in ruling on probation. Here, the defendant was previously convicted of the same crime, section 288 of the Penal Code, then given probation. At the time of his subsequent conviction, surely the trial court has the right to consider the previous conviction as though probation had never been granted.

We conclude that the trial court considered the motion for probation and properly denied the same under sections 1203 and 1203.4, Penal Code.

Since an order denying probation is not an order specified in section 1237 of the Penal Code from which an appeal may be taken, and is an order before judgment, the order is reviewable on appeal from the judgment and any attempted appeal from the order must be dismissed. (*People* v. *Walters,* 148 Cal.App.2d 426 [306 P.2d 606]; *People* v. *Robinson,* 43 Cal.2d 143 [271 P.2d 872].)

Appeal from order denying probation dismissed.

Judgment affirmed.

Draper, J., and Shoemaker, J., concurred.

A petition for a rehearing was denied April 14, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1961.