[Crim. No. 4605. First Dist., Div. Two. Oct. 19, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. MANUEL PERRY, Defendant and Appellant.

Clarence B. Knight, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

TAYLOR, J.—On this appeal from a judgment of conviction entered on his plea of guilty to a felony, using a stolen credit card in violation of section 484a, subdivision (b) (6), of the Penal Code, defendant, Manuel Perry, contends that

the complaint failed to charge a public offense or at most charged a misdemeanor, and that he has been deprived of a substantial right because the court did not rule on his motion for probation.

The record shows that on October 14, 1963, appellant and his wife, Noreen, were jointly charged with a felony violation of Penal Code section 484a, subdivision (b) (6), by a complaint in the municipal court. Subsequently, both entered pleas of guilty and were certified to the superior court for sentencing. On November 20, 1963, both were arraigned for judgment in the superior court and interposed a motion for probation. This motion was continued as the court ordered further proceedings suspended under section 6451 of the Penal Code. On December 4, 1963, the matter was submitted on the written reports of the doctors and the court found appellant and his wife were drug addicts and committed them to the rehabilitation center pursuant to section 6451 of the Penal Code.

Several months later on February 14, 1964, in an ex parte proceeding, appellant was ordered returned from the California Rehabilitation Center for further proceedings. On March 4, 1964, at the hearing on his motion for probation, appellant filed a petition for a writ of habeas corpus. The hearing on the petition was continued to March 13, 1964. On that date, appellant was assisted by the public defender. Appellant's petition for the writ was denied. As appellant indicated that he had had two prior felony convictions, no further action was taken on the motion for probation. After a denial of appellant's motion for a change of plea, he was sentenced to the state penitentiary.

Penal Code section 484a, subdivision (b) (6), provides, in part: "(b) Any person who: . . .

"(6) Knowingly uses or attempts to use for the purposes of obtaining goods, property, services or anything of value, a credit card which was obtained, or is held by the user, under circumstances which would constitute a crime under paragraphs (1), (2) or (3)[1] of this subdivision . . . is also guilty

---

[1]"(1) Steals, takes or removes a credit card from the person or possession of the cardholder, or, who retains or secretes a credit card without the consent of the cardholder, with the intent of using, delivering, circulating or selling or causing said card to be used, delivered, circulated or sold without the consent of the cardholder, is guilty of a misdemeanor."

"(2) Has in his possession or under his control or who receives from another person any forged, altered, counterfeited, fictitious, or stolen credit card with the intent to use, deliver, circulate or sell the same, or to permit or cause or procure the same to be used, delivered, circulated

of a felony, if the total amount of goods, property or services or other things of value so obtained by such person exceeds fifty dollars ($50).''

The complaint by which defendant was charged reads, so far as relevant: ''. . . said defendants did in the City and County of San Francisco, State of California, on the 14th day of October A. D. 1963, commit the crime of Felony, to-wit: Violating 484a(B)(6) of the Penal Code of the State of California in that said defendants did knowingly and with intent to defraud use for the purpose of obtaining goods and property a credit card stolen from the possession of the cardholder, the value of such goods and property exceeding $50.00.''

Appellant argues that the complaint fails to state a public offense under section 484a, subdivision (b) (6), of the Penal Code as there is no allegation that the credit card in question was stolen in California, that he stole the card, or that he actually obtained goods or property exceeding $50 with the card. Relying on section 1012 of the Penal Code, appellant contends that the omission of these basic facts is jurisdictional and that neither his plea of guilty nor his failure to raise the alleged defects in the trial court constitutes a waiver on appeal.

A violation of Penal Code section 484a, subdivision (b) (6), does not require that the credit card be stolen by the person charged or that it be stolen in California. It is sufficient if the defendant knowingly has wrongful possession and uses the card for the purposes indicated in the statute and here such an offense was clearly alleged to have occurred in San Francisco. If the complaint was ambiguous in charging that the defendant actually obtained over $50 worth of goods, the ambiguity should have been raised in the trial court and cannot now be considered on appeal (*People* v. *Searcy*, 199 Cal.App.2d 740 [18 Cal.Rptr. 779, 90 A.L.R.2d 814].)

In compliance with the modern rules of simplified criminal pleading (Pen. Code, §§ 950-959), the complaint ade-

---

or sold, knowing the same to be forged, altered, counterfeited, fictitious, or stolen, or who has or keeps in his possession, any blank, or unfinished credit card made in the form or similitude of any credit card, with such intent, is guilty of a misdemeanor.''

''(3) Has in his possession, or under his control, or who receives from another person a credit card with the intent to circulate or sell the same, or to permit or cause or procure the same to be used, delivered, circulated or sold, knowing such possession, control or receipt to be without the consent of the cardholder or issuer, is guilty of a misdemeanor.''

quately advised appellant of the charge against him in such a manner as to enable him to plead or properly prepare a defense (Pen. Code, § 952; *People* v. *McCurdy*, 165 Cal.App.2d 592, 597 [332 P.2d 350]). ■ His plea of guilty constituted an admission of every element of the offense charged and a conclusive admission of his guilt (*People* v. *Gannaro*, 216 Cal. App.2d 25 [30 Cal.Rptr. 711]).

■ Appellant cites *Bonwell* v. *Justice Court*, 148 Cal. App.2d 906 [307 P.2d 716], and contends that the statute is unconstitutional. The case is not in point. There, the court held unconstitutional section 11556 of the Health and Safety Code which made it unlawful to visit or be in any room or place where any narcotics were being or had recently been used, as the statute did not contain the necessary element of knowledge. Section 484a, subdivision (b) (6), of the Penal Code prohibits the "knowing" use or attempted use of a wrongfully obtained or possessed credit card and here the required scienter is properly alleged (cf. *Callan* v. *Superior Court*, 204 Cal.App.2d 652 [22 Cal.Rptr. 508]; Pen. Code, § 484a, subd. (b) (3) and subd. (c)).

■ Appellant's major contention, based on *People* v. *Means*, 117 Cal.App.2d 29 [254 P.2d 585], is that he was deprived of a substantial right because the court failed to rule on his motion for probation originally made on November 20, 1963, and renewed at the March hearing. The record indicates that appellant admitted that he had been convicted of two prior felonies. Paragraph four of section 1203 of the Penal Code provides that probation cannot be granted to any defendant unless the court shall be satisfied that he has not been twice previously convicted of a felony in this state.

■ As this proceeding was commenced in the municipal court, no information was filed and no prior convictions were charged. But it is not necessary that the previous convictions be alleged in the accusatory pleading (*People* v. *Brown*, 172 Cal.App.2d 30 [342 P.2d 410]). Prior convictions admitted by a defendant may be considered by the court even if not charged (*People* v. *Williams*, 177 Cal.App.2d 581 [2 Cal. Rptr. 387]) and will render him ineligible for probation (*People* v. *Tell*, 126 Cal.App.2d 208 [271 P.2d 568]).

■ Furthermore, the fourth paragraph of Penal Code section 1203 is not affected by the third paragraph thereof enacted in 1957 which permits the granting of probation to specified offenders in "unusual cases." The fourth paragraph specifies crimes and offenders, including an offender with two prior felony convictions, concerning which probation cannot

be granted under any circumstances (*People* v. *Orrante,* 201 Cal.App.2d 553 [20 Cal.Rptr. 480]; *People* v. *Superior Court,* 199 Cal.App.2d 303 [18 Cal.Rptr. 557]). The trial court properly concluded that appellant was ineligible for probation and that it had no choice but to sentence him to the appropriate institution (*Stephens* v. *Toomey,* 51 Cal.2d 864, 869-870 [338 P.2d 182]).

 Appellant argues that even under these circumstances, the court was required to rule on his motion for probation. However, in all of the authorities cited by appellant for this contention (*People* v. *Means,* 117 Cal.App.2d 29 [254 P.2d 585]; *People* v. *Neal,* 108 Cal.App.2d 491 [239 P.2d 38]; *People* v. *Hollis,* 176 Cal.App.2d 92 [1 Cal.Rptr. 293]), the defendant's ineligibility did not appear in the record. It has been held that a defendant has not been deprived of a substantial right by the trial court's refusal to refer his case to a probation officer where his admission of prior felonies establishes his ineligibility (*People* v. *Baker,* 164 Cal.App.2d 99 [330 P.2d 240]; *People* v. *Tell,* 126 Cal.App.2d 208 [271 P.2d 568]). It follows that the court's failure to rule on appellant's motion for probation here did not deprive him of a substantial right.

Judgment affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 17, 1964.