[Crim. No. 3037.    Fourth Dist., Div. Two.    May 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. STEVEN ELBERT CHASTAIN, Defendant and Appellant.

R. R. Campagna, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, A. Barry Cappello and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

McGOLDRICK, J. pro tem.*—Defendant Chastain was convicted of violating Penal Code, section 207 (kidnaping) and Penal Code, section 261, subdivision 3 (rape). A new trial was granted as to the kidnaping conviction whereupon it was dismissed. The appeal is from the judgment of conviction of Penal Code, section 261, subdivision 3 (rape). Codefendant Chavez was granted a separate trial and he was convicted of violating Penal Code, section 207 (kidnaping). The charges arose out of the same transaction.

Chavez also appealed and his case is the subject matter of a separate opinion.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The facts are the same in both cases except that in this case Chastain was called as a witness in his own behalf. He testified as follows:

When Chavez jumped back into the car, Mrs. Mills stood up and locked one door, Chavez locking the other. But after Chavez sped off leaving Mr. Mills, Mrs. Mills said, "I didn't mean like this." Mrs. Mills told Chastain, "[She] did tell Chavez she wished to go with him but wanted to take her husband home first." Chavez turned the car around and proceeded to drive back near the area where Mr. Mills was left whereupon Chastain directed the car to be stopped and Mrs. Mills to get out. She said, "No, no, I'm willing. I'm willing, I want this more than you guys do."

All three occupants got into the front seat and drove down the freeway for about two miles, then pulled off on the side. Chavez and Mrs. Mills then got into the back seat and Chastain drove on, but became caught in a pocket of traffic on the freeway. Since everyone could see Chavez and Mrs. Mills undressed in the back seat, he turned off the freeway and stopped. Chastain got out of the car, later returned, and after sitting there a few minutes was asked by Chavez, "Do you want some of this?" Chastain replied, "No, I'm going to have to pass on that." Chavez then said, "She don't want me back here," Mrs. Mills replying, "Yes, I do." Chavez, however, got into the front seat and Chastain climbed into the back where he had intercourse with Mrs. Mills.

Chavez then returned to the back seat and Mrs. Mills asked if he thought he would do her any good. Chavez was with her 15 or 20 minutes and Chastain then had intercourse a second time.

Chastain asked Mrs. Mills what her husband was going to do and she replied, "He just stayed drunk; they didn't have any kind of relations; she was ready to leave him." Chastain told Mrs. Mills he couldn't take her any place and she said she would give him her address so he could come see her, but not to bring Chavez. She asked for a pencil and paper and wrote down her address, saying "Be sure and come visit."

Chastain asked where Mrs. Mills wished to go and she said, "To the other side of the freeway here where the lights are." While sitting there an old car went by and Mrs. Mills said she would describe that car and give fictitious descriptions of defendants. Chastain reminded her that Mr. Mills had seen them and she replied, "Don't worry, I'll straighten it out." Mrs. Mills asked Chastain to kiss her goodbye; he said, "No,

.get out of the car.'' She got out, slammed the door and defendants drove off.

Three contentions are presented for consideration on Chastain's appeal: (1) that Mrs. Mills', the alleged victim's, testimony was not credible in view of other facts adduced and a reasonable inference can be drawn from conflicting evidence that she willingly went with defendants in their car and consented to sexual intercourse with defendants in the back seat; (2) that but for erroneous admissions of certain prejudicial evidence (statement by Chastain to Mr. and Mrs. Mills that he sold or intended to sell pornographic pictures and a statement by Chastain to Mr. and Mrs. Mills that he intended to visit Ash Meadows, reputedly a place of prostitution); and (3) introduction of a prior conviction resulting in commitment to the California Youth Authority, the jury would not have chosen to believe Mr. and Mrs. Mills and disbelieve defendant.

■ Responding to the first question, it is of course fundamental that the credibility of a witness is for the trier of fact. (*People* v. *Haywood*, 131 Cal.App.2d 259, 261 [280 P.2d 180].) Hence conflicts and inconsistencies in the testimony of a witness are to be resolved by the fact-finding authority. (*People* v. *Ashley*, 42 Cal.2d 246, 266 [267 P.2d 271].)

■ Moreover, where the circumstances are such as to reasonably justify and infer guilt as found by the jury, the fact that an inference of innocence might likewise be reasonably drawn therefrom does not present a question of law for review by an appellate court any more than does a verdict based upon direct conflicting evidence; in neither case will the verdict be disturbed. (*People* v. *Newland*, 15 Cal.2d 678, 680-684 [104 P.2d 778]; *People* v. *Martinez*, 20 Cal.App. 343 [128 P. 952].)

■ The foregoing authorities dispel defendant's argument that a reversal should result because a reasonable inference could be drawn that Mrs. Mills willingly went with the defendants in their car and consented to sexual intercourse in the back seat.

A review of the circumstances does not warrant such a conclusion. The testimony of Mrs. Mills was corroborated by her husband and the officers who found her on the highway in an hysterical condition complaining that she had been raped. The mere fact that she wrote her name and address on a slip of paper and gave it to defendant after the occurrence is not indicative of improbability. It is just as reasonable to argue that she did this as a means of getting away from defendants without further violence.

■ We turn to the second question, that defendant was prejudiced by the admission of certain evidence, viz., (a) his statement that he sold or intended to sell pornographic pictures, (b) a statement that he and Chavez were traveling to Ash Meadows, a reputed house of prostitution, (c) evidence of prior conviction and a commitment to the Youth Authority.

A review of the transcript reveals no objection was made to the statement of pornographic pictures and Ash Meadows. It appears also that defendant's counsel several times urged the court to have the recorded interview played before the jury as the best evidence of what took place.

■ Furthermore, where a charge of rape is involved, any statement or conduct on the part of the perpetrator that indicates sexual disposition of the defendants toward the prosecuting witness is relevant evidence and is admissible. (*People v. Sylvia*, 54 Cal.2d 115, 120 [4 Cal.Rptr. 509, 351 P.2d 781].)

■ In connection with the prior conviction, a certified copy of defendant's prior conviction for violation of Penal Code, section 464, (burglary with explosives), was admitted over defendant's objections. He argues that this evidence is inadmissible since at the time of the conviction he was a minor and committed to the California Youth Authority where he served nine months. Defendant urges Penal Code, section 17, as his authority. This section, in part, reads as follows: ''A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison. Where a court commits a defendant to the Youth Authority upon conviction of a crime punishable, in the discretion of the court, by imprisonment in the state prison or fine or imprisonment in a county jail, the crime shall be deemed a misdemeanor.''

Respondent contends section 17, *supra,* has no application to the instant case by reason of the provisions of Penal Code, section 464, (burglary with explosives).

This section expressly provides that a conviction of this statute shall be deemed a felony and shall only be punishable by imprisonment in the state prison. There is no discretion left to the court for alternative punishment as provided in

438

Penal Code, section 17, therefore, the answer is simple. Defendant was previously convicted of a felony and the admission thereof into evidence was proper. (*People* v. *Walters,* 190 Cal.App.2d 98, 101 [11 Cal.Rptr. 597].)

Since there was substantial evidence to warrant defendant's conviction of rape, the judgment is affirmed.

Kerrigan, Acting P. J., and Tamura, J., concurred.

A petition for a rehearing was denied June 14, 1968, and appellant's petition for a hearing by the Supreme Court was denied July 17, 1968.