Filed 6/21/22  P. v. Young CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B314935 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA112790) |
| v. | |
| NORMAN YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Norman J. Shapiro, Judge.  Dismissed.

Richard B. Lennon and Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A trial jury convicted defendant Norman Young (defendant) in 1996 on charges of robbery and attempted robbery. Sentencing enhancements, including an allegation that defendant used a firearm in connection with the robberies and attempted robbery (Pen. Code, § 12022.5, subd. (a)) were found true. The trial court imposed an 89 years to life prison sentence pursuant to the "Three Strikes" law. This court affirmed the judgment on direct appeal.

Many years later, defendant filed a document captioned "Request to Amend Abstract of Judgment" in the trial court. Defendant's filing asked the court to issue an amended abstract of judgment that designated his convictions as serious felonies rather than violent felonies. The trial court denied defendant's request based on its finding that the offenses were correctly described as violent felonies. (See, e.g., Pen. Code, § 667.5, subds. (c)(8) ["any felony in which the defendant uses a firearm which use has been charged and proved as provided in" section 12022.5 is a violent felony], (c)(9) ["[a]ny robbery" is a violent felony].)

Defendant noticed an appeal from the denial of his request and Richard Lennon was appointed to represent defendant on appeal. Mr. Lennon filed an opening brief asking this court to treat the appeal in accordance with the procedures outlined in *People v. Serrano* (2012) 211 Cal.App.4th 496.

Because the opening brief did not include a statement of appealability, this court issued an order to show cause requiring defense counsel to "explain why the order appealed from is appealable." (Cal. Rules of Court, rules 8.204(a)(2)(B), 8.360(a).) The defense thereafter filed a letter brief asserting defendant's "request to correct his abstract of judgment for clerical error is an appealable order under Penal Code section 1237, subdivision (b)

2

as it can qualify as an order after judgment that affects his substantial rights if in fact it does so."

We hold the appeal is not taken from an appealable order. As our Supreme Court explained more than 50 years ago, a defendant's substantial rights "are not affected when [the] defendant's objections concern matters that could have been reviewed on timely appeal from the judgment." (*People v. Howerton* (1953) 40 Cal.2d 217, 220.) Defendant could have made his request to amend the abstract of judgment years ago on direct appeal. Our disposition is accordingly this: the appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.

3