Filed 8/26/22  P. v. Rebolledo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO REBOLLEDO,<br><br>    Defendant and Appellant. | B316179<br><br>(Los Angeles County Super. Ct. No. YA091800) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Dismissed.

Richard B. Lennon and Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In October 2015, defendant and appellant Fernando Rebolledo (defendant) pled no contest to three criminal charges: continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a)), lewd or lascivious act on a child under the age of 14 (Pen. Code, § 288, subd. (a)), and unlawful sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c)). The trial court sentenced him to 18 years in prison. Almost a year later, in August 2016, the court held a restitution hearing and ordered defendant to make restitution to the Victim Compensation and Government Claims Board in the amount of $8,535 (plus interest).

Defendant did not appeal the restitution order. But five years later, in 2021, defendant filed what he styled as a petition to modify or contest the trial court's restitution order. The trial court denied that petition, and defendant noticed an appeal from the denial order. Defendant's attorneys on appeal filed an opening brief that asks this court to proceed via the procedure described in *People v. Serrano* (2012) 211 Cal.App.4th 496 and suggests the order denying defendant's petition is an appealable order because it affects defendant's substantial rights or constitutes an unauthorized sentence.

That is wrong on both counts. The order from which defendant purports to appeal is not appealable. (*People v. Howerton* (1953) 40 Cal.2d 217, 220; see also *People v. King* (2022) 77 Cal.App.5th 629, 637-639; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208-1209.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.