Filed 2/28/23  P. v. Knox CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JACKIE LEE KNOX, JR.,<br><br>        Defendant and Appellant. | B322184<br><br>(Los Angeles County<br>Super. Ct. No. BA415456) |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

**I**

An information charged defendant and appellant Jackie Lee Knox, Jr. with one count of attempted willful, deliberate, and premeditated murder (Pen. Code,[2] §§ 187, subd. (a), 664), and one count of criminal threats (§ 422, subd. (a)). The prosecution alleged that, in 2013, Knox accosted his longtime girlfriend, accused her of cheating on him, told her, "[y]ou're gonna make me kill you," and "[y]ou're gonna die today," and stabbed her at least 16 times, including once in the neck.

In 2017,[3] Knox agreed to a plea bargain under which the prosecution struck the allegation that Knox acted with premeditation and deliberation in the attempted murder, and Knox pleaded no contest to the remaining charges and waived credit for time served. As part of his plea, Knox admitted that he personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)) in the commission of both offenses and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (e)) in the attempted murder. Pursuant to the agreement, the court sentenced Knox to 16 years in prison.

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Rules of Court, Standard 8.1(1).)

[2] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[3] The case had been delayed after the trial court found Knox incompetent to stand trial.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.), which "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  The legislation also enacted former section 1170.95 (subsequently renumbered as section 1172.6), which provides a mechanism for defendants previously convicted of murder, but who could not be convicted of murder under the law as amended, to petition for the court to vacate their convictions and resentence them.  In 2021, the Legislature enacted Senate Bill No. 775 (2021-2022 Reg. Sess.), which, among other changes, extended the application of then-section 1170.95 to defendants convicted of attempted murder under the natural and probable consequences doctrine.

On January 14, 2022, Knox filed a petition for resentencing under then-section 1170.95.  The People opposed the petition on the ground that Knox "was the direct and only perpetrator of the crime of attempted murder" and that he could still be convicted of attempted murder under current law.  Knox's appointed counsel declined to file a reply brief and submitted on the basis of the pleadings.  The trial court denied the petition, finding that Knox had failed to make a prima facie case that he was entitled to relief.

We appointed counsel to represent Knox on appeal.  Knox's attorney filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  In *Delgadillo*, the Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit.  In such cases,

"(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.) If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

We followed the procedure outlined above and, on January 13, 2023, sent Knox a letter notifying him of the no-merits brief and informing him that he had 30 days to file a supplemental brief. Four days later, his appellate attorney sent us a copy of a document from Knox titled "Petition for Rehearing" and asked us to treat it as a supplemental brief.

## II

In his supplemental brief, Knox makes several contentions, only one of which relates to the denial of his petition for resentencing. Knox claims that he could not be found guilty of attempted murder under current law because "there is no element[ ] of malice in the plea agreement," and that under current law, "[m]alice should not be imputed based on a person['s] participation in a crime." We assume Knox is referring to the fact that, as part of his plea bargain, the prosecution agreed to strike the allegation that Knox committed attempted murder

4

with premeditation and deliberation.

We disagree with Knox's assertion regarding the plea agreement. Express malice has long been an element of attempted murder, regardless of whether the defendant is alleged to have acted with premeditation and deliberation. (See *People v. Smith* (2005) 37 Cal.4th 733, 740.) Prior to the enactment of Senate Bills Nos. 1437 and 775, however, the natural and probable consequences doctrine provided an exception. Under that doctrine, a defendant " 'who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime.' " (*People v. Medina* (2009) 46 Cal.4th 913, 920.) Thus, a defendant could be convicted of murder even if he did not intend or foresee that a killing would occur. (*People v. Chiu* (2014) 59 Cal.4th 155, 165-166.) By barring the imputation of malice based on the defendant's participation in another crime, the new homicide laws eliminated the natural and probable consequences doctrine in cases of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 846) and attempted murder (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 196).

In this case, Knox admitted that he personally used a weapon and caused great bodily injury in the commission of attempted murder, and there is no indication that Knox aided and abetted anyone else in the commission of any offense. Thus, the record demonstrates that Knox was not convicted under the natural and probable consequences doctrine, but rather on the basis of his own action in attempting to kill the victim. Knox cannot show that he "could not presently be convicted of murder

or attempted murder because of" the recent changes in the law (§ 1172.6, subd. (a)(3)), and the trial court did not err by denying his petition.

The remaining claims in Knox's supplemental brief challenge aspects of his sentence unrelated to his section 1172.6 petition. These claims fail because a defendant may not use an appeal of a postjudgment order to contest "matters that could have been reviewed on timely appeal from the judgment." (*People v. Howerton* (1953) 40 Cal.2d 217, 220; accord, *People v. Totari* (2002) 28 Cal.4th 876, 882.) Furthermore, Knox agreed to the length of his sentence and the waiver of his presentence custody credits as part of his plea bargain. We have reviewed the transcript of the plea hearing, and we see nothing improper about Knox's waiver of his trial rights nor the duration of his sentence.

## DISPOSITION

The trial court's order denying Knox's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P. J.

6