Filed 7/30/24  P. v. Braun CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LYNNSEY BRAUN,<br><br>    Defendant and Appellant. | C099626<br><br>(Super. Ct. No. 14F00570) |

    In this case we affirm the trial court's denial of defendant Lynnsey Braun's constructive application for release upon restoration of sanity.  We do so after reviewing her supplemental brief following her appellate attorney's *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436).

    In May 2016, a jury found defendant guilty of second degree murder and found true she personally used a firearm causing death.  The same jury later determined defendant was legally insane at the time of the murder and therefore was not guilty by reason of insanity.  In June 2016, defendant was committed to the Department of State Hospitals for a term not to exceed 40 years to life.

1

While at the Napa State Hospital, defendant recanted her claims of mental illness, and her diagnoses were modified. Defendant remained aggressive and violent. In April 2020, defendant assaulted another patient at Napa State Hospital with a shank-type weapon, treatment staff recommended she be held in the jail pending trial, and she was ultimately convicted and sentenced to a prison term within the California Department of Corrections and Rehabilitation with an expected parole date in June of 2024.

In April 2023, acting in propia persona, defendant filed a declaration requesting the trial court appoint an expert to determine her mental state and professing she had been restored to sanity. The return address on this filing showed defendant was housed at Salinas Valley State Prison.

In September 2023, the trial court denied defendant's constructive application for release upon restoration of sanity (Pen. Code, § 1026.2, subd. (a)). Because defendant was not then under the care of the Department of State Hospitals, she was not available for evaluation by the director of State Hospitals. If defendant was returned to the Department of State Hospitals in the future, she could make another application for restoration.

Appointed counsel for defendant filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant filed a supplemental brief arguing against the 2016 finding that she was not guilty by reason of insanity and professing she should never have been committed to the Department of State Hospitals, asserting misconduct by her defense attorney.

*Wende* review does not apply to decisions denying motions under Penal Code section 1026.2. (*People v. Sundberg* (2023) 88 Cal.App.5th 441, 443; *People v. Dobson* (2008) 161 Cal.App.4th 1422, 1435-1436.) But we have considered defendant's arguments from her supplemental brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.) As noted, she challenges her 2016 judgment finding her not guilty by reason of

insanity and committing her to the Department of State Prisons. But those challenges are untimely (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [appeal must be filed within 60 days of judgment challenged]) and are not cognizable from the denial of her Penal Code section 1026.2 motion. (See, e.g., *People v. Howerton* (1953) 40 Cal.2d 217, 218-220 [defendant's failure to appeal his judgment precluded his insufficient evidence challenge on appeal from a postjudgment order committing him to prison]; *People v. Thomas* (1959) 52 Cal.2d 521, 527 [no appeal may be made from a motion to vacate the judgment on grounds that could have been raised in an appeal from the judgment].)

DISPOSITION

The order is affirmed.


  /s/
MESIWALA, J.


We concur:


  /s/
RENNER, Acting P. J.


  /s/
BOULWARE EURIE, J.

3